```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
THOMAS E. TWOMEY,

                    Plaintiff,
                                              ORDER
          -against-                           15-CV-3781 (JS)(GRB)

MARIA REGINA RESIDENCE LTF,
ELLEN BARTOLDIS, DR. RYAN
CAHILL, and THERESA MINTERN,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Thomas E. Twomey, pro se
                    54 Hawthorne Place
                    Manhasset, NY 11030

For Defendants:     No appearance
```

SEYBERT, District Judge:

On June 29, 2015, pro se plaintiff Thomas E. Twomey ("Plaintiff") filed a Complaint pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), as codified, 29 U.S.C. §§ 621 to 634, against Maria Regina Residence LTF ("Maria Regina"), Ellen Bartoldis ("Bartoldis"), Dr. Ryan Cahill ("Dr. Cahill"), and Theresa Mintern ("Mintern" and collectively, "Defendants") alleging, inter alia, that Defendants discriminated against him on the basis of his age and gender.[1] Plaintiff paid the Court's

---

[1] Although Plaintiff has checked the boxes on the form Complaint to allege age and gender discrimination, he has indicated that his action is brought for discrimination in employment solely under the ADEA. Given that ADEA does not cover discrimination based on gender, if Plaintiff seeks to pursue a claim of discrimination in employment based on his gender, **he must file an amended complaint within thirty (30) days from the date of this Order** to include such claim under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. 2000e to 2000e-17.

filing fee at the time he filed the Complaint.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Accordingly, if service is not made upon Defendant[2] by October 27, 2015, or if Plaintiff fails to show good cause why such service has not been effected, this action will be dismissed without prejudice. **Plaintiff is to provide a copy of this Order to Defendant along with the Summons and Complaint.**

Plaintiff is required to advise the Clerk of the Court of any change of address. Failure to keep the Court informed of Plaintiff's current address means the Court will not know where to contact Plaintiff and may result in dismissal of the case.

---

[2] Because individuals are not subject to liability under the ADEA or Title VII, see Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam), 232 F.3d 119, 120 (2d Cir. 2000); Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995); Jones–Kahn v. Westbury Bd. of Educ.-Westbury Union Free Sch. Dist., No. 13-CV-7144, 2015 WL 1529839, at *4 (E.D.N.Y. Mar. 31, 2015) (finding neither Title VII nor the ADEA provide for individual liability) (citations omitted), Plaintiff's claims against Bartoldis, Dr. Cahill, and Mintern are not plausible as a matter of law and are thus DISMISSED.

The Clerk of the Court is further directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August   6  , 2015
       Central Islip, New York