UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
THOMAS E. TWOMEY,

                    Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       15-CV-3781(JS)(GRB)

MARIA REGINA RESIDENCE LTF,

                    Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:       Thomas E. Twomey, pro se
                     54 Hawthorne Place
                     Manhasset, NY 11030

For Defendant:       Gregory Ross Bennett, Esq.
                     Hoey King
                     55 Water Street, 29th Floor
                     New York, NY 10041

SEYBERT, District Judge:

        Pro se plaintiff Thomas E. Twomey ("Plaintiff")
commenced this action on June 29, 2015, pursuant to the Age
Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621
et seq., against Maria Regina Residence LTF ("Maria Regina" or
"Defendant"), and individual defendants, Ellen Bartoldis, Dr. Ryan
Cahill, and Theresa Mintern, alleging, inter alia, discrimination.
(Compl., Docket Entry 1.)

        Currently pending before the Court is Defendant's motion
to dismiss the Complaint for failure to state a claim pursuant to
Federal Rule of Civil Procedure 12(b)(6), (Docket Entry 8), and a
motion for a more definite statement pursuant to Federal Rule of

Civil Procedure 12(e).  (Docket Entry 11.)  For the following reasons, Defendant's motion to dismiss is DENIED as MOOT, and Defendant's motion for a more definite statement is GRANTED.

BACKGROUND[1]

On June 29, 2015, Plaintiff filed his Complaint and indicated through a checkmark that the action was brought pursuant to the ADEA.  (Compl. at 1.)  However, in Section 7 of the Complaint, Plaintiff indicated that the four named defendants discriminated against him due to "gender/sex."  (Compl. ¶ 7.)

In Section 8, Plaintiff stated: "[t]he facts of my case are as follows: Review attachments."  (Compl. ¶ 8.)  Attached to the Complaint are: (1) a Dismissal and Notice of Rights from the Equal Employment Opportunity Commission; (2) a four-page letter dated June 19, 2015 addressed to the United States District Court; (3) a one-page letter dated June 26, 2015 addressed to the United States District Court; (4) a letter from the Equal Employment Opportunity Commission dated April 9, 2015; (5) a letter dated September 6, 2014; (6) a letter dated September 8, 2014; (7) a letter addressed to Plaintiff from "Lory Bright-Long," which is undated; (8) a one-page memo to Theresa Mintern, dated October 27, 2014.  (Compl. at 6-16.)

---

[1] The facts, as stated herein, are taken from the Complaint, and for the purpose of deciding this motion, are regarded as true.

On August 3, 2015, Maria Regina and the 3 individual defendants moved to dismiss the Complaint against the three individual defendants asserting that the Second Circuit does not recognize individual liability under Title VII or the ADEA. (See Defs.' Br., Docket Entry 10, at 2.) On the same day, Defendants also moved for a more definite statement, arguing that the complaint is ambiguous and that Defendants "cannot determine the universe of factual allegations Plaintiff intends to rely on in support of the claims referenced in the Complaint." (Defs. Mem., Docket Entry 13, at 3.)

On August 6, 2015, the Court sua sponte dismissed the individual defendants from the matter. (Aug. 6, 2015 Order, Docket Entry 15.) The Court also advised Plaintiff that if he wished to pursue a claim of discrimination in employment based on gender, he was to file an amended complaint within thirty days to include such claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Aug. 6, 2015 Order at 1 n.1.)

On September 2, 2015, Plaintiff filed an Amended Complaint. (Am. Compl., Docket Entry 16.) The Amended Complaint names only Maria Regina as a defendant and includes the additional claim of gender discrimination pursuant to the Title VII. (See Am. Compl.) However, the Amended Complaint is devoid of any factual description or additional exhibits; the only attachment to

the Amended Complaint is a copy of the Court's August 6, 2015 Order. (<u>See</u> Am. Compl.)

Accordingly, in light of the Court's <u>sua</u> <u>sponte</u> August 6, 2015 Order, Defendant's motion to dismiss is DENIED as MOOT. Below, the Court will address Defendant's surviving motion for a more definite statement.

## DISCUSSION

The Court will first set forth the applicable legal standard before turning to Defendants' motion more specifically.

## I.   Legal Standards

Rule 12(e) allows a party to move for a more definite statement "of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e).

The purpose of a complaint is to "inform the defendant as to the general nature of the action and as to the incident out of which a cause of action arose." <u>Bower v. Weisman</u>, 639 F. Supp. 532, 538 (S.D.N.Y. 1986). Rule 12(e) is designed to remedy unintelligible pleadings, not to correct for lack of detail. <u>In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.</u>, 233 F.R.D. 133, 134 (S.D.N.Y. 2005) (internal quotation marks omitted). Motions pursuant to Rule 12(e) are disfavored and should not be denied "unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously

in attempting to answer it." Id. at 134-35 (internal quotation marks omitted). If defendants have notice of the general nature of the claims against them, "the preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings." Id. at 135 (citing Tagare v. NYNEX Network Sys. Co., 921 F. Supp. 1146, 1153 (S.D.N.Y. 1996)); see Trs. of Combined Pension Fund v. Chase Manhattan Bank, No. 92-CV-6251, 1993 WL 267349, at *1 (S.D.N.Y. July 14, 1993) ("[A] motion for a more definite statement is not a substitute for discovery.") (internal quotation marks and citation omitted; alteration in original).

Applying these standards, the Court finds that Defendant is correct and Plaintiff's pleading is deficient. Plaintiff's pleading in its present form is devoid of factual allegations sufficient to give Defendant notice of its claims and adequately frame a response. Therefore, on or before May 15, 2016, Plaintiff shall provide a more definite statement of the facts underlying his claims, including a factual description of the events he alleges occurred. Failure to do so may result in an order striking the Amended Complaint. Defendant's time to answer is extended twenty (20) days after the more definite statement has been filed.

CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is DENIED as MOOT and Defendant's motion for a more definite statement is GRANTED.


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    March __16__, 2016
          Central Islip, New York